UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JUAN MANUEL CASTILLO-<br>MAGDALENO,<br><br>                Defendant. | NO:  CR-11-172-RMP<br>          CV-12-675-RMP<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE UNDER<br>28 U.S.C. 2255 |

## FACTS

Juan Manuel Castillo-Magdaleno is a citizen of Mexico. ECF No. 29 at 4. On or about March 22, 2007, he was lawfully deported from the United States at San Ysidro, California. ECF No. 29 at 4. Four years later, on August 31, 2011, he was contacted by Immigration and Customs Enforcement in the Eastern District of Washington. ECF No. 29 at 4. Mr. Castillo did not have valid permission to re-enter the United States. ECF No. 29 at 4.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 1

1    Because he lacked permission to re-enter, the Government filed an

2    indictment against him for illegal reentry after deportation under 8 U.S.C. § 1326

3    on December 6, 2011. ECF No. 12 at 1. Mr. Castillo pled guilty to the indictment

4    on March 22, 2012, and the Court accepted the plea, finding it to be a knowing,

5    intelligent, and voluntary plea. ECF No. 30 at 1.

6        In the non-binding plea agreement, Mr. Castillo and the Government agreed

7    to recommend a sentence within the applicable sentencing guideline range. ECF

8    No. 29 at 6. In consideration of the Government's recommendations and the

9    defendant's waivers, both parties also agreed to waive any right to appeal the

10    conviction and sentence.   In addition, Mr. Castillo waived his right to collaterally

11    attack the conviction and sentence, except an attack for ineffective assistance of

12    counsel based on facts that he could not have known at the time of the plea and

13    sentencing. ECF No. 29 at 7.

14        At the sentencing hearing on March 23, 2012, the Court found that Mr.

15    Castillo had an unmitigated base offense level of 24 and 10 criminal history points,

16    which placed him in Criminal History Category V. Sentencing Hearing Transcript

17    at 13. In exchange for the guilty plea, the Government recommended a three-level

18    decrease for the acceptance of responsibility, and a four-level decrease for the Fast

19    Track program, resulting in an adjusted offense level of 17. Sentencing Hearing

20    Transcript at 12. Accordingly, the sentencing guideline range of incarceration was

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 2

46-57 months. *Id*. at 17; U.S.S.G. § 5 Pt. A. The Court departed downward based on an uncontested argument of defense counsel, and sentenced Mr. Castillo to 37 months of incarceration followed by three years of supervised release. ECF No. 31 at 2; Sentence Hearing Transcript at 17-20, 24-25.

## DISCUSSION

The threshold issue on a 28 U.S.C. § 2255 motion is whether the petitioner raises a reasonable claim to vacate, set aside, or correct a sentence. The district court must compel a response from the government and hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[,]" or the petitioner fails to submit the motion within the one-year statute of limitations. 28 U.S.C. § 2255(b), (f). Therefore, the district court may not dismiss a § 2255 motion unless the motion fails to state a claim for relief, is meritless, or is untimely. *See id.*

Though the court may not automatically dismiss a § 2255 motion, a petitioner may be limited in available appeals and collateral attack rights. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). For example, if a defendant knowingly and voluntarily waived rights to appeal and to a collateral attack, courts generally will uphold the waiver. *Id*. However, waivers of appeal are subject to certain exceptions, including ineffective assistance of counsel in entering the agreement. *Id*. A claim for ineffective assistance of counsel may be brought

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 3

under a § 2255 petition. *Hill v. United States*, 368 U.S. 424, 427 (1962); *see also*
§ 2255(a).

In addition to restrictions on appeal and collateral attack, the petitioner must
bring a habeas motion under 28 U.S.C. § 2255 within the one-year statute of
limitation. § 2255(f). The one-year statute of limitation runs from the latest of four
alternatives, the first of which is the date that the "judgment of conviction becomes
final . . . ." *Id.* If a defendant moves for habeas relief outside the one-year window,
it will be considered untimely, and likely will be denied. *See Johnson v. United
States*, 544 U.S. 295, 297 (2005).

Mr. Castillo filed the motion for habeas relief under 28 U.S.C. § 2255 on
December 27, 2012, nine months after judgment on his conviction became final.
ECF No. 31 at 2. Therefore, this motion is not barred by the one-year statute of
limitations. 28 U.S.C. § 2255(f). However, as part of his plea agreement, Mr.
Castillo waived his right to appeal or collaterally attack the conviction and
sentence, including a collateral attack under § 2255.  ECF No. 29 at 7. Because
waivers of appeal and attack are generally upheld by the courts, Mr. Castillo may
be barred from appealing or attacking his conviction and sentence based on a right
that he waived. *See Abarca*, 985 F.2d at 1014.

**I.    Whether this Court should consider claims to improper sentence enhancement, double jeopardy, and conviction without criminal discovery after Mr. Castillo waived his rights to appeal or collaterally attack the sentence and conviction.**

The district court must compel a response from the government and hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court may dismiss a § 2255 motion if the motion fails to state a claim for relief, or is meritless. Courts will generally uphold knowing and voluntary waivers of rights to appeal and collateral attacks. *Abarca*, 985 F.2d at 1014. Therefore, if a defendant knowingly and voluntarily waives the right to appeal or collaterally attack a sentence, the prisoner is not entitled to such relief.

Mr. Castillo waived all rights to appeal and collaterally attack his sentence and conviction, with the exception of the claim to ineffective assistance of counsel. ECF No. 29 at 7. However, even if he had not waived these rights, his claims to improper sentence enhancement, double jeopardy, and conviction without criminal discovery are meritless.

*A.  Enhanced Sentencing Based on the Sentencing Guidelines*

The United States Congress ordered the development of sentencing guidelines to provide for uniform, fair sentencing across jurisdictions. U.S.S.G. Chap. 2. In response, the Sentencing Commission created the Sentencing Guidelines Manual. *See id*. The guideline ranges must be considered by the court

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 5

1    in sentencing, but are advisory in nature. *United States v. Booker*, 543 U.S. 220,

2    245. Particular crimes are given a base offense level, and may be increased based

3    on the defendant's relevant criminal history. *See* U.S.S.G. Chap. 2. Crimes deemed

4    stale are not considered relevant. *See id*. § 4A1.2(e).

5        Under the sentencing guidelines, the base offense level for unlawfully

6    entering or remaining in the United States is 8. U.S.S.G. § 2L1.2. This may be

7    increased by up to 16 levels for certain previous convictions, including crimes of

8    violence. *Id*. A crime of violence is considered any "offense under federal, state, or

9    local law that has as an element the use, attempted use, or threatened use of

10   physical force against the person of another." U.S.S.G. § 2L1.2, Commentary,

11   App. Note 1(B)(iii). A previous conviction for a crime of violence is relevant to

12   sentence enhancement if it either occurred, or the defendant was incarcerated for

13   said crime, within the 15 years immediately preceding the commencement of the

14   instant offense. *See* U.S.S.G. §§ 2L1.2(b)(1)(A), 4A1.2(e)(1). Additionally,

15   sentences imposed within 10 years of the instant offense are also counted in the

16   sentence enhancement calculation. U.S.S.G. § 4A1.2(e)(2).

17       Mr. Castillo argues that it was error for the Court to consider convictions

18   over 10 years old. ECF No. 33 at 5. The sentencing guidelines specifically address

19   this issue, and authorize sentence enhancement if the defendant was incarcerated

20   for a crime of violence within fifteen years of the instant offense. U.S.S.G.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 6

§§ 2L1.2(b)(1)(A), 4A1.2(e)(1). Mr. Castillo agreed to the presentence investigation report calculation of a base offense level enhancement for the § 1326 violation by 16 levels, from 8 to 24, based on a previous conviction for a crime of violence. *See* ECF No. 29 at 6.

Mr. Castillo also consented to the criminal history calculation in the abbreviated presentence investigation report. ECF No. 29 at 6. This calculation awarded him 10 criminal history points. Therefore, his pre-mitigation sentencing range was 92-115 months, and the post mitigation sentencing range was 46-57 months. U.S.S.G. § 5 Pt. A. Mr. Castillo was sentenced to 37 months of incarceration, a time well below both the unmitigated and mitigated sentencing guidelines. *Id*; ECF No. 32 at 1.

Furthermore, Mr. Castillo's counsel argued for a mitigated sentence based on the stale nature of the 1994 conviction, for which he had been incarcerated within the previous 15 years. Sentencing Hearing Transcript at 18-26. Discounting the criminal history points from the 1994 conviction, Mr. Castillo's Criminal History Category would have been IV rather than V. *Id*. at 28. The Court accepted defense counsel's argument and sentenced Mr. Castillo to the low end of the guideline range based on his criminal history exclusive of the 1994 conviction. *Id*. Discounting the 1994 conviction placed Mr. Castillo in Criminal History Category IV, warranting a sentencing range of 37-46 months. *Id*.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 7

The sentence enhancement calculation was correctly applied by the Court per the sentencing guidelines. *See* U.S.S.G. §§ 2L1.2, 4A1.2(e)(1), (2). Furthermore, the 37-month sentence fell well below the properly calculated range of 46-57 months. It was, in fact, the low end of the range based on a Criminal History Category exclusive of his 1994 conviction. Therefore, Mr. Castillo's claim of improper sentence enhancement is meritless.

### B. Sentence Enhancement Based on Criminal History and Double Jeopardy

The U.S. Constitution guarantees "no person shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause protects against a defendant receiving more than one punishment for a single offense. *Jones v. Thomas*, 491 U.S. 376, 381 (1989). Consideration of past criminal conduct in determining a sentence within a statutory range is not punishment for that conduct as contemplated by the Double Jeopardy Clause. *Witte v. United States*, 515 U.S. 389 (1995). The Court's consideration of Mr. Castillo's criminal history was appropriate and did not constitute double jeopardy.

Courts consistently uphold recidivism statutes, rejecting double jeopardy challenges, because "enhanced punishment imposed for a later offense is viewed as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one." *Witte*, 515 U.S. at 390. In *Witte*, the lower

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 8

1  court considered a previous cocaine offense in determining the sentence for a

2  subsequent federal marijuana charge in which the defendant pled guilty. *Id*. at 389.

3  The Supreme Court rejected a claim for double jeopardy, holding "consideration of

4  relevant conduct" in sentencing within the statutory guidelines appropriate. *Id*.

5      Relevant conduct for a particular offense is delineated in the United States

6  Sentencing Commission Guidelines Manual. *See generally*, U.S.S.G. §§ 2A1.1-

7  2X7.2. Any single felony, or three or more convictions for misdemeanors that are

8  crimes of violence or drug offenses, are considered relevant with respect to a

9  charge for unlawfully entering or remaining in the United States. U.S.S.G. § 2L1.2;

10  *See, e.g.*, *United States v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995).

11      Mr. Castillo did not receive an enhanced sentence because of his previous

12  criminal history, and the consideration of past relevant behavior did not constitute

13  double jeopardy. *Witte*, 515 U.S. at 389. Mr. Castillo's relevant prior convictions

14  included a crime of violence, illegal entry, and possession of narcotics, and

15  warranted the award of 10 criminal history points. These criminal history points,

16  coupled with a mitigated offense level of 17, constituted a sentencing range of 46-

17  57 months. U.S.S.G. Chap. 5, Pt. A. However, Mr. Castillo was sentenced to a

18  significantly reduced sentence of 37 months. *Id*.

19      The Court's sentence was based on appropriate consideration of all relevant

20  criminal conduct. Mr. Castillo's sentence was well below the statutory maximum

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 9

and the sentencing guidelines, and was constitutional. Therefore, his claim of double jeopardy is meritless.

### C. Access to Criminal Discovery

Finally, Mr. Castillo argues that the Court erred by sentencing him without a complete criminal discovery report. A defendant in a criminal case is authorized to obtain relevant information from the Government. *See* Fed. R. Civ. P. 16; 18 U.S.C. § 3500. To collaterally attack a sentence for lack of criminal discovery, the defendant bears the burden of proving a lack of due process and prejudice. *Brady v. Maryland*, 373 U.S. 83, 88 (1963); *see also Parke v. Raley*, 506 U.S. 20, 31 (1992). Mr. Castillo failed to meet his burden on a challenge to prove lack of due process or prejudice.

In an action for illegal reentry after deportation, the Government must prove the defendant had been previously deported and, as an alien, knowingly reentered and remained in the United States without permission of the Attorney General. 8 U.S.C. § 1326. The Due Process Clause does not require the Government to provide more evidence than necessary to satisfy the requirement for fundamental fairness to the defendant. *Weatherford v. Bursey*, 429 U.S. 545, 562 (1977); *see generally* Fed. R. Crim. P. 16(a)(1)(E).

A plea agreement is generally entered into after a modicum of discovery. *C.f. United States v. Kent*, 649 F. 3d 906, 910 (9th Cir. 2011). If a defendant pleads

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 10

guilty, admitting to the elements of the crime, the Government need only produce additional documentation after the plea agreement if it is material to the defendant. *See Brady, 373 U.S.* at 87. Evidence is material if there exists a reasonable probability that but for the failure to produce such information the result would have been different. *Kyles v. Whitley*, 514 U.S. 419, 420 (1995). The defendant bears the burden of proving both a lack of due process and prejudice based on information discovered after pleading guilty. *See Brady*, 373 U.S. at 88.

In the Order Regarding Discovery and Pretrial Motions, the magistrate judge deemed Mr. Castillo's case one of voluntary discovery, requiring notice to the other party if one side was to withhold information. ECF No. 16 at 1. The record is silent as to whether any information was withheld. There is no evidence that, at the time of the plea agreement, Mr. Castillo did not have full knowledge of all material information held by the Government. In the plea agreement and during the sentencing hearing, Mr. Castillo admitted to all of the elements of the crime, and conceded that the Government would be able to prove all elements. ECF No. 29 at 4; Sentencing Hearing Transcript at 10-13.

In the § 2255 motion, Mr. Castillo has not claimed that any documents were improperly withheld from him so as to constitute a violation of due process. ECF No. 33 at 5. Additionally, he admitted to the fact that the Government would be able to prove all elements of the crime. Sentencing Hearing Transcript at 10-13.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 11

Therefore, Mr. Castillo has failed to state a claim for relief based on a lack of criminal discovery.

The record supports that Mr. Castillo's case consisted of open discovery and communication between the prosecution and defense. He admitted to all elements of his crime, and admitted that both parties could provide the Court with sufficient information and facts to make a proper sentencing determination. Sentencing Hearing Transcript at 10-13. Therefore, Mr. Castillo's claim of error based on the lack of a criminal discovery report is meritless.

If a defendant knowingly and voluntarily waives the right to appeal or collaterally attack a sentence, the prisoner is not entitled to such relief.    Mr. Castillo knowingly and voluntarily waived the rights to appeal and collaterally attack his sentence and conviction based on improper sentence enhancement, double jeopardy, and conviction without criminal discovery. Therefore, Mr. Castillo failed to state a claim with respect to these challenges in the § 2255 motion.  Even if he had not waived his rights to appeal and collaterally attack the conviction and sentence, the Court finds that the challenges presented are meritless.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 12

1    **II.    Whether this Court should compel a response from the
      Government after Castillo pled guilty to violating 8 U.S.C. § 1326,
      and waived his appeal rights.**

In this case, Mr. Castillo reserved the right to collaterally attack the

conviction and sentence for ineffective assistance of counsel. ECF No. 29 at 7.

Because a claim for ineffective assistance of counsel may be brought under a

§ 2255 petition, Mr. Castillo is within his right to bring the claim. *Hill*, 368 U.S.

at 427.  However, the claim of ineffective assistance of counsel brought under

§ 2255 still must have merit in order to compel the Government to respond. *See*

§ 2255(b).

*Effective Assistance of Counsel*

The Sixth Amendment guarantees the right to effective assistance of

counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); s*ee* U.S. Const.

amend. VI. A defendant is entitled to this right before entering a guilty plea and

during trial. *See Padilla v. Kentucky*, 130 S.Ct. 1473, 1480 (2010); *Strickland*, 466

U.S. at 686. To challenge a result based on ineffective assistance of counsel, the

defendant bears the burden of showing counsel's performance was deficient and

thus prejudiced the defense. *Id*. Mr. Castillo did not satisfy his burden.

The two-pronged test of ineffective assistance of counsel is a high bar for the

defendant to meet. *Strickland*, 466 U.S. at 689. There is a strong presumption that

actions of counsel fall within an objective standard of reasonableness. *Id.* at 669.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 13

The defendant must specifically identify the acts or omissions of counsel which he claims were unreasonable. *Id*. at 690. The defendant must then show "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]'" *Padilla*, 130 S.Ct. at 1476 (quoting *Strickland*, 466 U.S. at 694).

In *Padilla*, the defendant appealed his sentence on the basis of ineffective assistance of counsel, claiming that it was unreasonable for counsel not to inform him that the guilty plea would result in deportation. 130 S.Ct. at 1478. Mr. Padilla was a Honduran citizen, but had been a permanent resident of the United States for more than 40 years. *Id*. at 1477. He pled guilty to a narcotics trafficking charge, unaware that the charge would result in his deportation. *Id*. at 1475.

The Supreme Court in *Padilla* confirmed that the Sixth Amendment right to counsel extended to plea agreements. 130 S.Ct. at 1480-81. Applying the first prong of the *Strickland* test, the Court based the reasonableness of counsel's actions on what would be reasonably expected in the legal community. *Id*. at 1482. Though immigration law can be complex, the Court held that "the terms of the relevant immigration statute are succinct and explicit in defining the removal consequence for Padilla's conviction." *Id*. at 1483. Because it would have been reasonable to inform the defendant of the statutorily mandated deportation, the

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 14

1    Court deemed the failure of counsel to inform defendant of the inevitable

2    deportation prior to entering a plea unreasonable. *Id*. at 1482.

3         Unlike counsel in Padilla, counsel in this case Mr. Castillo was fully

4    informed of his rights, and the consequences of his guilty plea. Mr. Castillo knew,

5    when he entered the guilty plea, that he faced a maximum statutory sentence of 20

6    years. ECF No. 29 at 1. The sentencing guidelines, based on an unmitigated

7    offense level of 24, with the 10 criminal history points that the Court found were

8    applicable, suggested a sentence of 92-115 months. U.S.S.G. § 5 Pt. A.

9    Furthermore, he was fully informed that the result of acceptance of responsibility

10   in the guilty plea and Fast Track program additional level deduction would be a

11   decreased sentence range of 46-57 months. U.S.S.G. 407 (November 1, 2011)[1];

12   Sentencing Hearing Transcript at 17; ECF No. 29 at 5-6.

13        Mr. Castillo admitted in his § 2255 motion that his counsel encouraged him

14   to accept responsibility and cooperate with the Government. ECF No. 33 at 5. The

15   Court found that Mr. Castillo entered into a knowing, intelligent, and voluntary

16   plea. ECF No. 30 at 1. Unlike *Padilla*, there is no evidence to support the assertion

17   that Mr. Castillo's counsel did not fully inform him of the consequences of his

18

19   [1] The November 1, 2011 version of U.S.S.G is not the most current version,

20   however it was used for sentencing in this case.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 15

conviction, and the anticipated period of imprisonment. Mr. Castillo was informed

by both the plea agreement and the Court at the change of plea hearing that an

unmitigated offense level could result in 92-115 months of incarceration per the

sentencing guidelines. Sentencing Hearing Transcript at 13, 17; U.S.S.G. § 5 Pt. A.

Mr. Castillo was also informed that the mitigation based on Fast Track and

acceptance of responsibility reduced the possible incarceration time to 46-57

months. Sentencing Hearing Transcript at 13. Furthermore, Mr. Castillo's counsel

argued before the court for a further reduction based on fewer criminal history

points. Sentencing Hearing Transcript at 17-20. Therefore, counsel's actions in this

case potentially saved Mr. Castillo years of incarceration, and were not

unreasonable.

However, even if counsel's actions could be argued to fall outside the

standard of reasonable professional conduct, which this Court does not conclude,

the actions did not prejudice Mr. Castillo. To prove prejudice, Mr. Castillo must

show a reasonable likelihood that but for the errors, the sentence would have been

decreased. *Strickland*, 466 U.S. at 695. The unmitigated sentencing guideline for

the present crime, considering Mr. Castillo's criminal history, was 92-115 months.

After accepting responsibility and the Fast Track option, and pleading guilty, the

sentencing guideline range decreased to 46-57 months.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 16

1    Based at least in part on defense counsel's argument, the Court granted Mr.

2    Castillo a sentence of 37 months, well below both the statutory maximum and the

3    minimum of the sentencing guideline range. *See* ECF No. 30 at 1. There is no

4    evidence that Mr. Castillo would have been sentenced to a lesser period of

5    incarceration regardless of anything that defense counsel could have done.

6        Mr. Castillo failed to allege instances of unreasonable conduct by counsel or

7    prejudice based on that conduct. Therefore, Mr. Castillo has failed to meet his

8    burden in a claim for ineffective assistance of counsel.

9                                    **CONCLUSION**

10       Juan Manuel Castillo-Magdaleno pled guilty to illegal reentry after

11   deportation under 8 U.S.C. § 1326. In his plea agreement, Mr. Castillo waived all

12   rights to directly appeal and to collaterally attack his sentence and conviction, with

13   the exception of a collateral attack based on ineffective assistance of counsel. Mr.

14   Castillo did not meet his burden to show either counsel was ineffective, or that he

15   was prejudiced by the assistance.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 17

1    Therefore, this Court should not compel the Government to respond to the §

2    2255 motion.

3    Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion, ECF

4    No. 33, is **DENIED**.

5    The District Court Clerk is directed to enter this order, provide copies to

6    counsel and to Defendant at his last known address, and **close** this case.  The Clerk

7    shall also enter judgment in and close the corresponding civil case, **CV-12-675-**

8    **RMP.**

9    **DATED** this 27th day of March 2013.

10

11    _____ *s/ Rosanna Malouf Peterson* _____
      ROSANNA MALOUF PETERSON

12    Chief United States District Court Judge

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE UNDER 28 U.S.C. 2255 ~ 18